IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



2019 OCT -8 PM 3: 22

DEPUTY CLERK ＢＭＨ

| | | |
|---|---|---|
| JERRY CURTIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-00205-M-BQ |
| | § | |
| GARZA COUNTY JAIL, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Special Order 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies, and a certificate of appealability should be **DENIED**.

### I. BACKGROUND

On August 27, 2018,[1] Petitioner, a detainee in the Garza County Jail, filed this Petition for Writ of Habeas Corpus using the form for petitions pursuant to 28 U.S.C. § 2241 (Petition). The Court ordered Petitioner to supplement his Petition with answers to a questionnaire, which he filed on September 10, 2018. Petitioner is detained on a charge of theft of property in cause number 17-2936, pending in the 106th District Court of Garza County, Texas. It appears from the face of the Petition and his responses to the questionnaire that Petitioner has failed to exhaust available state court remedies prior to filing his § 2241 Petition.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (A "prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

## II. <u>EXHAUSTION</u>

Before requesting federal habeas relief under § 2241, a petitioner must have exhausted his claims in state court. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Although the statutory language of § 2241 does not contain an exhaustion requirement, courts have judicially crafted an exhaustion doctrine, holding that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id.* at 225; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976); *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001). The exhaustion doctrine applicable to § 2241 was judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Clark*, 2001 WL 1631538, at *3 (citing *Braden*, 410 U.S. at 490–91); *see generally Rose v. Lundy*, 455 U.S. 509, 518 (1982) (explaining that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"). In *Braden*, the United States Supreme Court determined that absent "special circumstances," a pretrial detainee may not adjudicate the merits of an affirmative defense to a state criminal charge before a judgment of conviction has been entered. *Braden*, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

In order to exhaust, a petitioner must fairly present all of his claims to the highest available state court for review. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *see also Cotton v. Jefferson Cty.*, No.

2

1:13CV267, 2013 WL 3367299, at *1–2 (E.D. Tex. July 3, 2013). In Texas, all claims must be presented to the Texas Court of Criminal Appeals. *Procunier*, 762 F.2d at 430–32. Prior to filing a habeas petition in federal court, a Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See id.* at 432; *see also Cotton*, 2013 WL 3367299, at *1–2. He must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure. Tex. Code Crim. P. art. 11.08 (West 2008); *see Cotton*, 2013 WL 3367299, at *2. The trial court's ruling is then "reviewable upon direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals)." *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ) (citations omitted); *see Cotton*, 2013 WL 3367299, at *2.

Here, it is clear from the Petition and the questionnaire that Petitioner has not satisfied the exhaustion requirement. In response to the question about whether he had "filed any petitions, applications or motions from this judgment in any court, state or federal," he answered "No." *See* ECF No. 1, at 3 ¶ 10. Also, in response to the question "have you raised this issue in a state writ of habeas corpus or other state proceeding," he answered "I filed the writ of habeas corpus in the 106th District Court of Garza County, Texas, it was filed and appeared to be marked out and mailed back with no explanations. I have not filed this writ in any other state proceedings." *See* ECF No. 8, at 1. Based upon his answers to these questions, the Court finds that Petitioner has not properly exhausted his claims in state court, and he has not shown that a ruling from this Court would not preempt the state court from performing its proper function.

### III. **CERTIFICATE OF APPEALABILITY**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or

3

deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings in The United States District Courts, Rule 11(a) (December 1, 2009). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pre-trial detainees challenging their state detention under 28 U.S.C. § 2241 must obtain a certificate of appealability. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

Based on the record, Petitioner has not shown that reasonable jurists would question the Court's acceptance of this recommendation, and a certificate of appealability should not issue. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2) (West 2006).

## IV. RECOMMENDATION

The Petition filed under 28 U.S.C. § 2241 should be **DISMISSED** without prejudice for failure to properly exhaust state court remedies, and a certificate of appealability should not issue.

## V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings,

4

Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 8, 2019.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE